## ALLEN *vs.* BRIDGERS, impleaded, &c.

In an action to recover damages for the taking and conversion of personal property, an answer alleging that the property was seized by authority of a court appointed under an act of the Confederate congress, during the war, as the property of alien enemies; that after such seizure the property was confiscated and ordered to be sold; and that at such sale the defendants purchased and paid for the same, and hold it under such purchase, does not set up a valid defense.

THE complaint in this case is to recover damages for steam engines, boilers, and other fixtures taken by the defendants and converted to their own use. The answer sets up as a defense, that the goods were seized by authority of a court appointed under an act of the Confederate congress, during the war, as the property of alien enemies; that after such seizure the property was confiscated and ordered to be sold; that at such sale the defendants purchased two engines, and paid for the same, and hold them under such purchase.

The plaintiff demurs to this defense, and the justice, at special term, sustained the demurrer. The defendants appealed to the general term.

*S. P. Nash,* for the appellants.

*John O. Mott,* for the respondent.

*By the Court,* INGRAHAM, J. It is not necessary, in this case, to discuss the question whether the acts of the Confederate government could be construed as producing a state of war, such as would exist between independent nations. To some extent this has been held as applicable, in the *Prize cases,* (2 *Black,* 635.) As between citizens of the United States, residing in the same state, or in different states, we have held at the present general term, that the consequences of the rebellion were not such as to deprive citizens of one or both states of their right to enforce

contracts or reclaim property belonging to them. Chief Justice Chase, in the case of *Keppel* v. *The Petersburg R. R. Co.* says : "Transactions of the usurping authority, prejudicial to the interests of citizens of other states excluded by the insurrection and by the policy of the National government from the care and oversight of their own interests within the states in rebellion, cannot be upheld in the courts of that government."

If these views are correct, the answer does not set up a valid defense.

The judgment appealed from should be affirmed.

[NEW YORK GENERAL TERM, November 2, 1868. *Ingraham, Mullin* and *Daniels*, Justices.]